IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CARLOS BERNARD DENNIS,**

        **Petitioner,**

   v.

**BRIAN BELLEQUE,**

        **Respondent.**

Civil No. 07-208-BR

OPINION AND ORDER

    **FRANCESCA FRECCERO**
    Assistant Federal Public Defender
    101 SW Main Street, Suite 1700
    Portland, OR  97204

        Attorney for Petitioner

    **HARDY MYERS**
    Attorney General
    **JONATHAN W. DIEHL**
    Assistant Attorney General
    Department of Justice
    1162 Court Street, NE
    Salem, OR  97301

        Attorneys for Respondent

**BROWN, Judge.**

    Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254.

1 - OPINION AND ORDER -

For the reasons that follow, the Petition for Writ of Habeas Corpus is **DENIED**, and this action is **DISMISSED**.

## BACKGROUND

On August 7, 1998, a Marion County Circuit Court jury convicted Petitioner on charges of Burglary in the First Degree, Robbery in the First Degree, and Assault in the Second Degree. The trial judge sentenced Petitioner to a total of 202 months of imprisonment.

Petitioner directly appealed his conviction, but the Oregon Court of Appeals affirmed without opinion. *State v. Dennis*, 162 Or. App. 347, 985 P.2d 241 (1999). Petitioner did not seek review with the Oregon Supreme Court. The appellate judgment issued on October 21, 1999.

On May 18, 2001, Petitioner signed a petition for state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. On appeal, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Dennis v. Czerniak*, 198 Or. App. 533, 109 P.3d 803, *rev. denied*, 338 Or. 680, 115 P.3d 245 (2005). The appellate judgment issued on July 22, 2005.

On October 4, 2004, Petitioner signed a successive state PCR petition. The PCR trial judge dismissed the petition on the State's motion. The Oregon Court of Appeals affirmed without

2 - OPINION AND ORDER -

opinion, and the Oregon Supreme Court denied review. *Dennis v. Belleque*, 207 Or. App. 766, 143 P.3d 570, *rev. denied*, 342 Or. 166, 149 P.3d 138 (2006). The appellate judgment issued on January 16, 2007.

On February 12, 2007, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. Respondent argues the Petition must be dismissed because it was not timely filed under 28 U.S.C. § 2244(d).

## DISCUSSION

Petitioner acknowledges his Petition is untimely, but states his state PCR attorney assured Petitioner he was filing the PCR petition in a timely fashion. Petitioner believed this meant the attorney had complied with state deadlines while at the same time preserving Petitioner's right to file a timely Petition in this Court. In fact, although counsel filed the state proceeding within Oregon's two-year limitation period, the one-year limitation period for federal habeas petitions had already expired. Nonetheless, Petitioner argues his PCR attorney's actions should equitably toll the federal limitation period.

Equitable tolling of the limitation period is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006)(citations omitted), *cert. denied*, 127 S.

3 - OPINION AND ORDER -

Ct. 1880 (2007). The "extraordinary circumstances must be 'the cause of [the untimeliness.'" *Id.* (quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)). An attorney's "miscalculation of the limitations period . . . and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001), *cert. denied*, 545 U.S. 1055 (2002). Accordingly, the PCR attorney's failure to file the state PCR petition before the federal habeas limitation period expired does not justify equitable tolling.

Petitioner also argues the limitation period should be equitably tolled because his PCR attorney was not acting as his agent when he failed to file the state PCR petition before the federal limitation period expired. Consistent with other judges in this District, this Court has previously rejected this agency argument. *See Powell v. Czerniak*, 2007 WL 539436 (D. Or. Feb. 13, 2007); *Goddard v. Hill*, 2006 WL 3227886 (D. Or., Oct. 31, 2006); *Butcher v. Czerniak*, 2006 WL 176753 (D. Or., Jan. 20, 2006); *Worley v. Thompson*, 2005 WL 3019498 (D. Or., Nov. 9, 2005); *Thomas v. Cook*, 2004 WL 1723948 (D. Or., July 30, 2004); *see also Fairman v. Anderson*, 188 F.3d 635, 643, *reh'g & reh'g en banc denied*, 200 F.3d 813 (5th Cir. 1999). The reasoning in those cases remains persuasive.

4 - OPINION AND ORDER -

Finally, in order to preserve the issue, Petitioner argues that holding him to the one-year statute of limitations in the face of the two-year limitation period in Oregon's PCR courts violates the Suspension Clause of the U.S. Constitution.  As Petitioner recognizes, however, the Ninth Circuit expressly rejected this argument, holding that the "one-year statute of limitations, even if in tension with a longer state statute of limitations, does not render federal habeas an inadequate or ineffective remedy."  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.), *cert. denied*, 540 U.S. 924 (2003).

Because the one-year statute of limitations does not constitute an unlawful suspension of the writ as applied to Oregon prisoners and equitable tolling is not appropriate in this case, the Court concludes the Petition for Writ of Habeas Corpus must be dismissed as untimely.

## CONCLUSION

For these reasons, the Court **DENIES** the Petition for Writ of Habeas Corpus and **DISMISSES** this action.

IT IS SO ORDERED.

DATED this 18th day of April, 2008.

                          /s/ Anna J. Brown  
                            ANNA J. BROWN  
                            United States District Judge